IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

RAYMOND E. SOMMERVILLE,

        Plaintiff,

vs.                         **Case No. 11-4105-RDR**

STATE OF KANSAS and CITY
OF MAHASKA, KANSAS,

        Defendants.

## MEMORANDUM AND ORDER

This matter is presently before the court upon the motions to dismiss of defendants State of Kansas and City of Mahaska, Kansas. Plaintiff has failed to timely respond to the defendants' motions. Having carefully reviewed the defendants' motions as well as the materials that plaintiff has submitted to this court, the court is now prepared to rule.

I.

Plaintiff, proceeding pro se, filed a complaint and a motion to proceed in forma pauperis on September 9, 2011. The magistrate ultimately allowed plaintiff to proceed in forma pauperis on October 13, 2011. Defendant State of Kansas filed a motion to review the magistrate's order. All defendants filed the instant motions on November 21, 2011.

The nature of plaintiff's complaint is uncertain. He is a resident of Mahaska, Kansas, and he apparently has a variety of complaints with certain actions taken by the City of Mahaska and

its officials. He has failed to cite any federal causes of action or allege jurisdiction under any statute. He complains that he has (1) been "threatened" in "open council meetings;" (2) been threatened by council member Cal Livingston in plaintiff's driveway; (3) been told that it would cost $10 per hour to see certain records; (4) been forced to pay for trash/garbage pickup when he does not use the service; and (5) been threatened with water shutoff for nonpayment of his trash/garbage bill. He also alleges that the "City of Mahaska violates state and federal laws and nothing is ever done to them." Plaintiff asserts that the "State of Kansas needs to investigate each and all complaints regardless how small or large that complaint is." He requests the following relief: (1) declare unconstitutional the law that requires him to "pay for a service that is not wanted or needed;" (2) a judgment "stopping cities from violation of the laws they are suppose to uphold;" (3) require the State of Kansas to stop the abuse of power by its cities; and (4) conduct the investigations that are necessary. He seeks $10,000,000 in damages.

## II.

In its motion, the State of Kansas seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. The State argues that it should be dismissed because it is not a proper defendant based upon Eleventh Amendment immunity. In its motion, the City of Mahaska seeks dismissal under Fed.R.Civ.P. 12(b)(6) for

failure to state a claim upon which relief can be granted. The City contends that plaintiff has failed to state a claim under either 42 U.S.C. § 1983 or state law. It further asserts that plaintiff cannot maintain a claim for punitive damages under either § 1983 or the Kansas Tort Claims Act.

### III.

The court may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." Scheideman v. Shawnee County Bd. of County Comm'rs, 895 F.Supp. 279, 281 (D.Kan. 1995)(quoting Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)); see also Fed.R.Civ.P. 12(h)(3). The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper. See Basso, 495 F.2d at 909. When federal jurisdiction is challenged, plaintiff bears the burden of showing why the case should not be dismissed. See Jensen v. Johnson Co. Youth Baseball League, 838 F.Supp. 1437, 1439-40 (D.Kan. 1993).

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well-pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. See Zinermon v. Burch, 494 U.S. 113, 118 (1990); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). To

3

survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009).  The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. Robbins v. Oklahoma, 519 F.3d 1242, 1247-48 (10th Cir. 2008).  "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the [plaintiff 'has] not nudged [his] claims across the line from conceivable to plausible.'" Id. (quoting Twombly, 550 U.S. at 570). Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).  In addition to the allegations contained in the complaint, the court may consider attached exhibits and documents incorporated into the complaint, so long as the parties do not dispute the documents' authenticity. Kerber v. Qwest Group Life Ins. Plan, 647 F.3d 951, 959 (10th Cir. 2011).

Because plaintiff is proceeding pro se, the court construes his pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001). Liberal construction does not, however, "'relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.'" Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotation omitted). The court need not accept as true those allegations that state only legal conclusions. See id.

IV.

The court shall initially respond to the motion to dismiss filed by the State of Kansas. The Eleventh Amendment to the United States Constitution restricts federal jurisdiction over "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although by its language the Eleventh Amendment might appear to apply only to cases against states relying on federal diversity jurisdiction, the Supreme Court has long interpreted it to extend to suits arising under the federal constitution or federal law. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996) (citing Hans v. Louisiana, 134 U.S. 1, 11-14 (1890)). A Rule 12(b)(1) motion is the proper vehicle for asserting Eleventh Amendment immunity

because the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction.

The law is well-settled that plaintiff's purported claims against the State of Kansas are barred by the Eleventh Amendment. Consequently, this court lacks subject matter jurisdiction over plaintiff's claims against the State of Kansas. Accordingly, the court shall grant the State's motion to dismiss for lack of subject matter jurisdiction.

The court shall now consider the City of Mahaska's motion to dismiss. As noted previously, plaintiff has failed to allege any federal cause of action in his complaint. The court shall assume that plaintiff is attempting to assert a claim under 42 U.S.C. § 1983. In order to support a cause of action under § 1983, plaintiff must show that (1) he suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). The vague allegations contained in plaintiff's complaint are simply inadequate to state a claim under § 1983. The various complaints noted by plaintiff fail to allege a violation of any right protected by the Constitution or the laws of the United States. Accordingly, the City of Mahaska is entitled to dismissal of plaintiff's complaint for failure to state a claim upon which relief can be granted.

With this decision, the court need not consider the State's motion for review of the magistrate's decision that granted plaintiff leave to proceed <u>in forma pauperis</u>.

To the extent that plaintiff has asserted any state law claims against the City such as defamation or assault, the court shall decline to exercise supplemental jurisdiction over these claims in the absence of any viable claim under § 1983.  <u>See</u> 28 U.S.C. § 1367(c)(3); <u>Lancaster v. Indep. Sch. Dist. No. 5</u>, 149 F.3d 1228, 1236 (10th Cir. 1998).

**IT IS THEREFORE ORDERED** that the State of Kansas' motion to dismiss (Doc. # 18) be hereby granted.  Plaintiff's claims against the State of Kansas are dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the State of Kansas' motion for review of magistrate's order (Doc. # 8) be hereby denied as moot.

**IT IS FURTHER ORDERED** that the City of Mahaska's motion to dismiss (Doc. # 20) be hereby granted.  Plaintiff's claims against the City of Mahaska are denied for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

Dated this 27th day of December, 2011 at Topeka, Kansas.

           s/Richard D. Rogers
           United States District Judge